UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

TYLER HAWKINS                                                                        PLAINTIFF

V.                                       CIVIL ACTION NO. 3:19-CV-939-KHJ-LGI

CYPRESS POINT APARTMENTS;                            DEFENDANTS
SERENITY APARTMENTS AT JACKSON,
LLC; CYPRESS POINT INVESTMENTS,
LLC; CYPRESS POINT APARTMENTS OF
JACKSON, LLC; NOMAGON TITLE HOLDING
1, LLC; Successors, John Doe 1-5

*Consolidated with*

DEIARRA TRUSSELL                                               PLAINTIFF

V.                                      CIVIL ACTION NO. 3:19-CV-940-KHJ-LGI

CYPRESS POINT APARTMENTS;                            DEFENDANTS
SERENITY APARTMENTS AT JACKSON,
LLC; CYPRESS POINT INVESTMENTS,
LLC; CYPRESS POINT APARTMENTS OF
JACKSON, LLC; NOMAGON TITLE HOLDING
1, LLC; Successors, John Doe 1-5

ORDER

This action is before the Court on Plaintiffs Tyler Hawkins and Deiarra Trussell's Amended Motion to Reconsider [106]. Hawkins and Trussell ask the Court to reconsider its Order [96] granting summary judgment against Trussell and excluding John Tisdale's expert opinions. For these reasons, the Court denies their Amended Motion.

I.     Standard for Motion to Reconsider

The Court may evaluate "a motion asking the court to reconsider a prior ruling" under either Rule 59(e) or Rule 60(b). *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012). "The rule under which the motion is considered is based on when the motion is filed. If [it] is filed within twenty-eight days after the entry of judgment, the motion is treated as though it was filed under Rule 59, and if it was filed outside of that time, it is analyzed under Rule 60." *Id.* Hawkins and Trussell filed their Motion to Reconsider [106] within twenty-eight days of the Court's Order [96], so Rule 59 applies.

"A Rule 59(e) motion calls into question the correctness of a judgment." *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004). There are only three possible grounds for altering a judgment under Rule 59(e): "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice." *Williamson Pounders Architects, P.C. v. Tunica Cnty*, 681 F. Supp. 2d 766, 767 (N.D. Miss. 2008).

Critically, Rule 59(e) motions are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment," *Templet*, 367 F.3d at 478, and they "should not be used to . . . re-urge matters" that a party has "already advanced." *Nationalist Movement v. Town of Jena*, 321 F. App'x 359, 364 (5th Cir. 2009). Rule 59(e) serves the "narrow purpose" of permitting a party to "correct manifest errors of law or fact" or "present

2

newly discovered evidence." *Templet*, 367 F.3d at 478. Reconsideration is "an extraordinary remedy that should be used sparingly." *Nationalist Movement*, 321 F. App'x at 364. Before filing a Rule 59(e) motion, parties are cautioned to "evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement" with the Court. *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990).

II.   Summary Judgment against Trussell

First, this Court granted summary judgment against Trussell because she "exceeded the scope of [her] invitation" as outlined in Hawkins' lease, rendering her a licensee or trespasser to whom Nomagon owed "only the duty to refrain from willfully or wantonly injuring." [96] at 9. Because Trussell did not allege or prove Nomagon "willfully or wantonly" caused an intruder to come into Hawkins' apartment, Trussell could not establish breach of duty as a matter of law. *Id*.

Trussell argues summary judgment was improper because—since Hawkins was a minor when he entered his lease agreement—the contract is "either void or invalid" and therefore could not define the scope of Trussell's status as a licensee or trespasser. [107] at 2-3. Nomagon responds that Trussell's new argument against summary judgment is not properly before this Court, and even if it were, it is substantively meritless. The Court agrees.

According to Trussell (who argues this point for the first time here), "the lease was signed only by Hawkins" after his grandmother "told the apartment staff not to lease the apartment to [him], and [that] he was not capable of living alone

3

due to a traumatic brain injury he received when he was a child." *Id.* Trussell does not identify which Rule 59(e) ground she contends applies here to alter the judgment against her. She does not suggest the "controlling law" has changed, nor does she present "new evidence not previously available" in support of her argument.[1] Trussell merely presents a new argument which she could have made in response to Nomagon's Motion for Summary Judgment but did not. The Court need not reconsider its ruling on arguments that could have been raised in the original motion. *Templet*, 367 F.3d at 478.

Even if the Court did consider this argument, it also is substantively meritless. While Trussell contends Hawkins signed the lease against his grandmother's will, Nomagon presents uncontroverted evidence that Hawkins' grandmother co-signed the lease with him and paid for his rent. [108-1] at 97:8-98:2. No evidence supports Trussell's argument that Hawkins' status as a minor rendered the terms of his lease agreement unenforceable.

Moreover, the Court need not find Hawkins' lease enforceable against him to designate Trussell a licensee or trespasser. The Court looked to the terms of the lease (presumably a standard form for any tenant) only to help define the scope of permission for any non-tenant guest to stay in the apartments. Even if Hawkins had no lease agreement with Nomagon at all, there is no dispute that Trussell was

---

[1] The Court presumes Trussell contends there is a "need to correct a clear error of law" to prevent "manifest injustice." *Williamson*, 681 F. Supp. 2d at 767. But "manifest injustice" is a high bar and requires more than a party's belief "that the case was wrongfully decided." *Liberty Mut. Fire Ins. Co. v. Fowlkes Plumbing, LLC*, No. 20-60742, 2021 WL 911976, at *4 n. 34 (5th Cir. Mar. 9, 2021).

on the premises for "about six months" as someone's guest—never a tenant herself. *See* [96] at 8. On reconsideration, the Court remains unconvinced—and Trussell cites no case law for the proposition—that the enforceability of one party's lease against him has any bearing at all on another party's status as a licensee.[2]

The Court therefore finds it properly granted summary judgment against Trussell.

III.   Exclusion of John Tisdale's Expert Opinions

Hawkins also asks the Court to reconsider its holding that John Tisdale's expert opinions are "inadmissible legal conclusions" and are "not reliable," *see* [96] at 17, because questions of reliability "go to probative weight, not admissibility."[3] [107] at 3 (citing *Tyler v. Union Oil Co. of Cal.*, 204 F.3d 379, 392-93 (5th Cir. 2002)). While it is true that questions of the reliability of information an expert relies on should not serve as the sole basis for excluding testimony, and are more properly dealt with on cross-examination at trial, lack of reliable methodology did not serve as the Court's sole basis for excluding Tisdale's testimony. By contrast, the Court held:

> [T]he parties spend much of their briefing on whether the [IAPSC] methodology . . . is reliable. But **even if the IAPSC methodology is**

---

[2] For that matter, without a connection to a tenant with an enforceable lease agreement, Trussell may well be more properly categorized as a trespasser than a licensee. The Court did not distinguish between the two categories, though, because a premises owner owes the same duty of care to licensees and trespassers under Mississippi law. *See* [96] at 9 (citing *Handy v. Nejam*, 111 So. 3d 610, 614 (Miss. 2013)).

[3] This is an issue that the Parties have briefed at the summary judgment stage, and which the Court has already ruled on. Hawkins presents no new evidence that was not previously available or change in governing law to support his request for reconsideration. For the sake of thoroughness, though, the Court will address Hawkins' concerns again.

5

> **reliable, Tisdale has fallen far short of "reliably appl[ying] the principles and methods to the facts of the case."** Fed. R. Evid. 702(d). The IAPSC methodology calls for a site inspection to "determine layout of the premises" and an evaluation of the "lighting, lines of sight, and places of concealment." [64-1 (H)] at 6. Tisdale testified that he never completed a site inspection, never reviewed "site plans," and never inspected any "security devices related to the incident." [64-2 (H)] at 61.
>
> The IAPSC methodology also calls for a review of pertinent deposition testimony from "those with knowledge of the incident" and an inspection of the "security related policies and procedures" on the premises. [64-1 (H)] at 6-7. Tisdale testified he "asked for depositions" and "individual reports," but they were "not provided;" and under the "security related policies" section of his report, Tisdale simply states, "none furnished."

[96] at 19-20 (emphasis supplied).

Seeking to excuse Tisdale's failure to reliably apply the IAPSC methodology to the facts here, Hawkins also says the Covid-19 pandemic "caused delays in getting medical records, crime statistics, depositions, etc." and "Tisdale's deposition was not the last deposition so he would not be able to review depositions that had not taken place." [107] at 4. As an initial matter, the Court has been more than amenable to the parties' motions to extend expert designations and discovery deadlines in this case. *See, e.g.*, Text-only Order Granting Mots. to Extend Expert Deadlines (7/20/20); Order Granting Joint Mot. to Extend Discovery Deadline [41]; Text-only Order Granting Second Joint Mot. to Extend Discovery Deadline (10/1/20). If Hawkins' expert more time to obtain medical records, evaluate crime statistics, or review party depositions, he should have so moved.

And although the Court is sympathetic to Covid-19 related delays, the record does not show a causal connection between the pandemic and the expert's shortcomings. For example, the IAPCS calls for a review of the security program in

6

place on the property, and Tisdale's report says he was never provided this information. But Hawkins was aware of at least some security services in place on the property as of December 23, 2019, when Nomagon responded to discovery—months before the Covid-19 shutdowns started. *See* [86-1], Response to Interrogatory No. 10. And the IAPSC methodology does not require Tisdale to review *all* deposition transcripts, just testimony from those with knowledge of the incident. Hawkins and Trussell, the two victims presumed to have the *most* knowledge of the incident, were deposed nearly three months before Tisdale. There is no reason Tisdale could not have reviewed at least some of the requisite material before rendering his opinion.

For the reasons stated in its original Order [96], the Court finds it properly excluded Tisdale's expert opinions.

IV. Conclusion

The Court has considered all the arguments set forth by the parties. Those arguments not addressed would not have changed the outcome of the Court's decision. For these reasons, the Court DENIES Plaintiffs' Amended Motion for Reconsideration [106] and DENIES AS MOOT Plaintiffs' original Motion for Reconsideration [99].

SO ORDERED AND ADJUDGED this the 25th day of March, 2021.

s/ *Kristi H. Johnson*  
UNITED STATES DISTRICT JUDGE